IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN BORTZ, Individually, and as Personal Representative of the Estate of DALE BORTZ, Deceased,<br><br>    Plaintiff,<br><br>  v.<br><br>BRISTOL-MYERS SQUIBB COMPANY and PFIZER INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND PFIZER INC.'S NOTICE OF REMOVAL

Defendants Bristol-Myers Squibb Company ("BMS") and Pfizer Inc. ("Pfizer") (collectively "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and state as follows:

### THE REMOVED ACTION

1. On August 31, 2017, Karen Bortz, individually, and as personal representative of the Estate of Dale Bortz, deceased, filed a Complaint and Demand for Jury Trial in the Superior Court for the State of Delaware in and for New Castle County, which was assigned Civil Action No. N17C-08-375 AML. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of Plaintiff's Civil Action Complaint is attached hereto as Exhibit A.

2. This action is a pharmaceutical product liability case in which Plaintiff alleges that Dale Bortz ("Decedent") regularly used Eliquis® (also known as apixaban). *See* Complaint ("Ex. A") ¶ 10. Plaintiff further alleges that Decedent "suffered from severe physical, economic

1

and emotional injuries as a result of his use of Defendants' Eliquis, including but not limited to internal bleeding in September of 2015." *Id.*

3. Neither BMS nor Pfizer has been served in this matter. BMS and Pfizer received a copy of Plaintiff's Complaint on August 31, 2017. This Removal, therefore, is being effected within 30 days of receipt of the Complaint by Defendants, as required by 28 U.S.C. § 1446(b). Neither Defendant has previously filed a Notice of Removal of this matter in this Court.

4. No further pleadings have been filed, and no proceedings have yet occurred in the Delaware Superior Court action.

## GROUNDS FOR REMOVAL

5. Under 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's action. As explained below, there is complete diversity between the parties and the amount in controversy exceeds $75,000. Thus removal is proper pursuant to 28 U.S.C. § 1441.

## DIVERSITY OF CITIZENSHIP EXISTS

6. Diversity of citizenship exists when a suit is between citizens of different states or citizens of a state and citizens of a foreign state. 28 U.S.C. § 1332 (a)(1)–(2).

7. There is complete diversity of citizenship between Plaintiff and all Defendants:

    a. Plaintiff is, and Decedent was, a citizen of Pennsylvania. *See* Ex. A ¶ 10.

    b. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…."

    c. Defendants are alleged to be citizens of states other than Pennsylvania. Ex. A ¶¶ 11, 14.

2

      d.    Defendant BMS is a Delaware corporation with its principal place of business in the State of New York. BMS is, therefore, a citizen of both the State of Delaware and the State of New York.

      e.    Defendant Pfizer is a Delaware corporation with its principal place of business in the State of New York. Pfizer is, therefore, a citizen of both the State of Delaware and the State of New York.

8.    Because Plaintiff and Defendants are citizens of different states, there is complete diversity of citizenship for jurisdiction purposes.

9.    Defendants all have consented to this Removal.

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

10.    Plaintiff alleges internal bleeding, and seeks damages including medical expenses, loss of earnings, other economic and noneconomic damages, and punitive damages. *See* Ex. A.

11.    Given the nature and extent of the alleged injuries and damages, Plaintiff's Complaint places at issue more than $75,000, exclusive of interest and costs. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."); *Munchel v. Wyeth, et al.*, 2012 WL 4050072, at *1 (D. Del. Sept. 11, 2012) (concluding that jurisdictional amount is satisfied given the plaintiff's alleged serious injuries). Furthermore, the availability and allegations of entitlement to punitive damages may be considered in determining the amount in controversy. *See Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) (including demand for punitive damages in determining the amount in controversy); *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007).

12. Plaintiff's claim for damages therefore exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

### REMOVAL IS PROPER BECAUSE NO FORUM DEFENDANT HAS BEEN SERVED WITH PROCESS

13. Pursuant to 28 U.S.C. § 1441(b), this action is removable because no party in interest properly joined and served as a defendant is a citizen of the State of Delaware, the state in which this action was brought (a "forum defendant"). *See* 28 U.S.C. § 1441(b) (providing that non-federal question cases "shall be removable only if none of the parties in interest properly joined ***and served*** as defendants is a citizen of the State in which the action is brought") (emphasis added).

14. Here, no forum defendant has been served. Removal is proper where there is complete diversity, but no forum defendant has been served. Courts, particularly in this District, apply the plain language of the removal statute to permit removal of an action prior to proper service of a forum defendant. *See Young v. BMS*, Case No. 1:17-cv-00613 (LPS), 2017 WL 2774735 (D. Del. June 27, 2017) (denying motion to remand in 33 Eliquis cases, Case Nos. 1:17-cv-00609 through -641); *Munchel*, 2012 WL 4050072, at 2–4 (denying motion to remand); *Hutchins v. Bayer Corp.*, No. 08-640, 2009 WL 192468, at *11 (D. Del. Jan. 23 2009) (recommending the court deny remand); *but see, e.g.*, *Stefan v. BMS*, 2013 WL 6354588 (D. Del. Dec. 6, 2013) (acknowledging split in authority on removal).

15. Relying on the language of Section 1441(b), in *Hutchins v. Bayer Corp.*, the United States District Court for the District of Delaware denied plaintiff's motion for remand where a properly joined and served non-forum defendant removed the action before the alleged forum defendant had been properly joined and served. *Hutchins*, 2009 WL 192468, at *11.

16. This Court addressed the same issue in *Munchel* and again denied plaintiff's motion to remand, relying on Congress's amendment of the removal statute, *Hutchins* and its conclusion that the language of Section 1441(b) is "plain and unambiguous" in that service is a prerequisite for a case to be not removable based on the home citizenship of the defendant. 2012 WL 4050072, at *2–4.

17. Following the reasoning of *Hutchins* and *Munchel*, on June 27, 2017, this Court again denied plaintiff's motion to remand where defendants removed the action before any forum defendant was served. *See Young*, 2017 WL 2774735, at *2 (denying motion to remand in 33 Eliquis cases because "the Court views the plain and unambiguous language of § 1441(b) as controlling.")

18. In 2011, Congress enacted legislation reaffirming that an action may be removed on the basis of diversity jurisdiction when a forum defendant is not properly joined and served at the time of removal. The "Federal Courts Jurisdiction and Venue Clarification Act of 2011" amended the removal and remand procedures in 28 U.S.C. § 1441, but retained that language in section 1441(b) that bars removal only if any "of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." *See* § 103, 125 Stat. at 760 (emphasis added).

19. In the present case, because Plaintiff has not served any Defendant, any such Defendant's purported residence in Delaware is not an impediment to removal under 28 U.S.C. § 1441(b).

## REMOVAL IS OTHERWISE PROPER

20. Removal to this District is proper because the Superior Court of the State of Delaware in and for New Castle County is within the District of Delaware. 28 U.S.C. §§ 1441(a), 1446(a).

21. Pursuant to 28 U.S.C. § 1446(d), Defendants shall give Plaintiff written notice of the filing of this Notice of Removal.

22. Pursuant to 28 U.S.C. § 1446(d), Defendants shall file the written notice of the filing of this Notice of Removal with the Superior Court for the State of Delaware in and for New Castle County, attaching as Exhibit A thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

WHEREFORE, Defendants hereby give notice that the above entitled state court action, formerly pending in the Superior Court of the State of Delaware in and for New Castle County has been removed to the United States District Court for the District of Delaware.

Dated: September 1, 2017

**FOX ROTHSCHILD LLP**

*/s/ Gregory B. Williams*
Gregory B. Williams (Bar No. 4195)
Wali W. Rushdan II (Bar No. 5796)
Kasey DeSantis (Bar No. 5882)
Citizens Bank Center
919 North Market Street, Suite 300
Wilmington, DE 19801
Tel.: (302) 622-4211
Fax: (302) 656-8920
gwilliams@foxrothschild.com
wrushdan@foxrothschild.com
kdesantis@foxrothschild.com

*Attorneys for Defendants Bristol-Myers Squibb Company and Pfizer Inc.*

6